TOWN OF BOCA RATON, a Municipal corporation, *Plaintiff in Error,* v. B. B. RAULERSON, *Defendant in Error.*

146 So. 576.

Opinion filed February 23, 1933.

*Metcalf, Hiatt & Finch,* of West Palm Beach, for Plaintiff in Error;

*Homer T. Amis,* of West Palm Beach, and *John H. Adams,* of Delray, for Defendant in Error.

THOMAS, Circuit Judge.—This Court is asked to review a final judgment entered in favor of the defendant in an action to recover money paid to B. B. Raulerson by the Town of Boca Raton for real estate on which was constructed a town hall. The declaration consisted of nine counts, the first seven of which were common counts, including one for money had and received, and the remaining two, special counts. In the special counts it was alleged, briefly, that while the defendant was serving as commissioner of the town, he sold, or caused to be sold, to it, certain described property for $47,500.00, by conveying the

same through an agent, the distinction between the two being that in the former, plaintiff claimed the return of the full amount of the purchase price and in the latter claimed the difference between the amount paid B. B. Raulerson for the property and the cost of it to him, which it is alleged was $7,500.00.

The lower court sustained a demurrer to the eighth count of the declaration and this ruling is assigned as error. The case was tried on the remaining counts of the declaration and the pleas of general issue. It seems logical to dispose of the question of the propriety of the court's ruling on the eighth count of the declaration, before considering any other of the assignments of error, some seventy in number.

Since the enactment of Chapter 4020 of the Laws of Florida, Acts of 1891, transactions of the character described in the last two counts of the declaration have been prohibited, and although this court has passed on one phase of dealing by a public officer with himself as an individual, the precise problem before us seems not to have been settled. An interesting decision is the one in Lainhart v. Burr, 39 Fla. 315, 38 So. 711, concerning a sale of supplies to a county by a firm in which a county commissioner was interested, but that case and the one here are not analogous, because the statute prohibiting the purchase of materials by a board or council from a firm in which one of the members of the board or council was interested, had not, at the time of the decision, been enacted. From our review of the authorities we are convinced that such transactions fall into two classes, namely, (1) those which are illegal because against public policy, such as the one litigated in Lainhart v. Burr, and (2) those which are void because prohibited by statute, like the one involved in the instant case. The court's decision in Lainhart v. Burr was that

under the first class. all moneys should be accounted for if the transaction were fraudulent, or if the supplies furnished were not necessary or beneficial, otherwise that the moneys should be accounted for in excess of the actual cost which should not exceed the reasonable market value. In either event, of course, profit from the transaction is eliminated.

The distinction between the two kinds of dealings, those opposed to public policy and those in violation of a penal statute, was, we think, recognized in Lainhart v. Burr *supra,* as we said in Robert G. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14. In the former the court said: "Many authorities hold that, if a transaction like the ones in question is prohibited under a criminal statute prescribing a penalty, there can be no recovery of any sum whatever by the party who furnishes goods ·in violation of the statute, even though the other party has used them; while others hold that even in such a case the party may recover what they are reasonably worth, though he cannot recover the contract price." In the latter it was stated: "The court in the Lainhart v. Burr case, *supra,* doubtless had in mind the distinction that was drawn by the court in City of Concordia v. Hagaman, et al., 1 Kan. App. 35, 41 Pac. 133, 134, between a contract which is illegal because its execution requires the performance of an immoral or unlawful act, or transgresses an express statutory prohibition, and one where the act to be performed is unlawful, because of the manner it was entered into, or because of incapacity to contract in either of the parties, where it was. said: 'The first receives no aid or encouragement whatever from the courts, on the principle, *ex turpi causa non oritur actio.'* " In Concordia v. Hagaman the reason for the distinction which we have pointed out is that where such contract is void simply because opposed to public policy the law will allow recovery for actual cost only of

materials furnished not as a punishment of the party furnishing them nor out of consideration for the person buying them, but simply from a consideration for the protection of the public. In the case of Berka v. Woodward, 125 Cal. 119, 57 Pac. 777, it was said the undoubted rule is, "that where a contract is expressly prohibited by law, no court of justice will entertain an action upon it" and "that where a statute pronounces a penalty for an act, a contract founded on such act is void although the statute does not pronounce it void nor expressly prohibit it." We subscribe that principle of law and conclude that if a sale is made in violation of Chapter 7470, Compiled General Laws of Florida, 1927, the same is void and the town may recover the full amount paid. This rule may, at a glance, seem a harsh one, because under it the town would be allowed to keep what it needs and uses and escape payment therefor, but the statute is upon the books for all to read and heed. It is a warning to those who become public officers that they may not take advantage of their position by dealing with themselves, and being so warned they enter upon such transactions at their peril. Should we apply in such instances the rule that recovery should be limited to the profit enjoyed from the transgression it would open the way and extend the invitation to fraud as well as violation of the law. Men inclined to such practices, which have been condemned generally by the courts, would risk violation of the statute knowing that if detected they would lose none of the original investment while if not discovered they would reap a profit for their perfidy. They would reason that they had much to gain but naught to lose. The adoption of the rule does not necessarily mean that such vendor may not recover the property conveyed under proper proceedings and proof where the property is intact in the vendee.

We think that the demurrer to the eighth count of the declaration should have been overruled. We may say in this connection that the brief of counsel for the defendant in error has been of little use to us. No citations are given, and therein is contained a statement that there is no dispute on the part of the defendant in error as to the law. Admission is made in the brief that the defendant could not make any legal profit, but that in the trial of the case no proof of profit was made.

As stated at the outset, the issues involved here were determined on the theory that the plaintiff should recover, if at all, only the difference between the cost of the lands to the defendant and the amount plaintiff paid for them. Having decided that the plaintiff is entitled, if it prevails, to recovery of the full amount paid, we think discussion of many of the other assignments of error would serve no useful purpose.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.