85 So.2d 548 (1956)
F.E. WATSON, Appellant,
v.
CITY OF NEW SMYRNA BEACH, a municipal corporation, Phillip L. Wright and Bruce B. Sweat, Appellees.
Supreme Court of Florida. Division B.
February 10, 1956.
Rehearing Denied March 5, 1956.
Fred R. Brannon, Jr., New Smyrna Beach, for appellant.
Hull, Landis, Graham & French, De Land, for appellee.
THOMAS, Justice.
This controversy involves a transaction between Mr. Phillip L. Wright and the City of New Smyrna Beach. The position of the appellee, Mr. Bruce B. Sweat, will develop as the facts are unfolded. The appellant is a taxpayer who sued and lost in the circuit court.
At all times relevant to the issues the individual appellees were partners in the construction business under the firm name of "Sweat and Wright" and Mr. Sweat was a member of the city commission, except, of course, that in the transaction under attack Mr. Wright undertook to divorce himself from the firm and act alone.
At a meeting of the city commission Mr. Sweat offered a motion that bids be invited for the alteration and extension of the city's power plant and the motion was unanimously carried. At the time designated in the notice three bids were received, the lowest one from "Sweat and Wright." The other two bids were held invalid by the commission because one was accompanied by a personal check instead of the bond or certified or cashier's check, required, and the other because it was not accompanied by any bond or check at all.
One of the commissioners then challenged the bid of "Sweat and Wright," because one of the partners was a member of the commission. The city attorney advised the commission on the subject and this bid was rejected also.
New bids were invited and when they were received and tabulated, it was found that the lowest bidder was Parker Construction Company and the next lowest bidder was Mr. Wright who had bid in his own name. The electrical engineer, who was apparently acting as a technical adviser to the commission reported that the company submitting the lowest bid had not complied with the specifications because the bond accompanying its bid had been obtained *549 from an agent in another city instead of a local agent. The city attorney advised the commission that the bid should be rejected for this reason, so the bid of Mr. Wright was unanimously accepted by the commissioners present. The city and Mr. Wright executed a contract and the work began.
The appellant charged that the bid of Mr. Wright was a subterfuge to avoid the inhibitions of the city charter, to which we will presently refer, and he buttressed the charge with allegations of facts we will now condense. A city commissioner and the bidder were, to repeat, engaged as partners in the general contracting business and maintained an office on land owned by them as cotenants. They jointly insured their employees under the Workmen's Compensation Act, F.S.A. § 440.01 et seq., and owned jointly their tools and equipment. In performing the isolated contract under scrutiny, Mr. Wright was using the tools and equipment of "Sweat and Wright", was operating under the occupation license issued to the partnership, and was using a truck and office owned by the firm.
The appellant asked the court to declare the contract void, to enjoin the city from disbursing moneys under it, and so on.
The allegations of the complaint relative to the oneness of "Sweat and Wright" were generally denied.
We think it is unnecessary to comment at length on the action rejecting the bid of Parker Construction Company on the ground that its bond was secured from an agent in another city. Evidently the company executing the bond was authorized to do business in New Smyrna Beach. It seems to us that the imposition of this restriction and the rejection of the bid for failure to comply with it were harsh when it is considered that the purpose of the bond was the protection of the city. Certainly the bond of Pacific National Fire Insurance Company was as valid secured through one agent as another. The remark is trite. But the result is important. The action cost the city $567, the difference between the bids of Parker Construction Company and Phillip L. Wright. This circumstance does not decide this case but it is one that lends emphasis to the conclusion we are to reach.
The circuit judge found that "no such legal interest of * * * Bruce B. Sweat" had been established "as to void" the contract and that the commission had "full knowledge of the relationship of the parties * * *." The judge observed that he refrained "from expressing any opinion as to the propriety of the contract * * *."
These constructions of the law and the dealings of the commission were, in our opinion, entirely too narrow. In the first place, the fact that the commission was aware of the relationship between Mr. Sweat and Mr. Wright is, in a case of this kind, entirely beside the point. Were such knowledge a criterion, dealings between a commissioner and his firm would be sanctioned, despite the clear injunction of the charter, Section 11, Chapter 22408, Laws of Florida, Special Acts of 1943, the law of the state, Section 839.07, Florida Statutes 1953, and F.S.A., and the doctrine that such dealings are against public policy.
The doctrine and the pronouncement of that doctrine in the charter that an official may not deal with himself, so to speak, are not based solely on the theory that such dealings evidence dishonesty. Let us assume that the partners had offered the lowest bid and were equipped and qualified to perform the contract to the point of perfection, still the contract would be void. So the "propriety" of the arrangement is very essential to a determination of the case.
We will assume that the men involved are of the highest character  nothing to the contrary appears in the record  yet it does not follow that the validity of the contract should be judged by the absence of proof that Mr. Sweat had a "legal interest" in the contract.
Obviously it was originally intended that the partnership would compete because the first bid was submitted in the partnership *550 name. Plainly a contract based on that bid would have been void. When this impediment was encountered, it was decided to dissolve the partnership, in effect, for the purpose of performing the one contract although for other purposes the work of the partnership doubtless was to continue.
We are of the opinion that such a separation for the clear purpose of circumvention was not proper and should not have been approved. Such procedure would amount to an inroad on a principle that the courts jealously guard and would set the precedent that partners could deal in a manner that would arouse the suspicion, however ill founded, that the official, if not being directly advantaged himself, would favor the man who in other operations was his associate. And to carry the thought a step further, as the work progressed, Mr. Sweat, as an official, might be obliged to pass one day upon work being done by a man who on other days was his close associate; and in the event of a dispute he would be handicapped in giving the city the benefit of his impartial judgment.
We have been strict in our decisions on such matters, witness Town of Boca Raton v. Raulerson, 108 Fla. 376, 146 So. 576; City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831; Fruchtl v. Foley, Fla., 84 So.2d 906. Affirmance of this case would not harmonize with the views expressed in those cases.
Honest as may have been the motives of all concerned, mischief could result from such a situation, if not in this case, certainly in cases to follow were it to become a precedent.
The decree is reversed with directions to proceed in accordance with the views we have expressed.
Reversed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.