## ZELTZER v. MIAMI BEACH CITY COUNCIL, et al.
### No. 72-1528.
Circuit Court, Dade County.

April 10, 1973.

Ellis S. Rubin, Miami Beach, for the plaintiff.

Joseph Wanick, City Attorney, for the defendants.

Mitchell M. Goldman, Miami, for Councilman Rosen.

Stephen Hale Cypen, Miami Beach, for Leonard Rivkind.

FRANCIS J. CHRISTIE, Circuit Judge.

*Final judgment:* This cause, having come on to be heard before me upon the complaint for declaratory judgment and injunction filed by the plaintiff and the answer filed by all of the defendants, and the court having conducted a final hearing without a jury on February 12, 1973, and having received evidence herein, and having heard argument of counsel for all parties; and being otherwise fully advised in the premises, it is ordered and adjudged that the following are the findings of fact in this cause —

On January 17, 1973, at a duly convened public meeting of the city council of Miami Beach, the defendants terminated the appointment of the plaintiff as a municipal judge effective as of January 25, 1973.

At the said time and place, Councilman Harold Rosen placed into nomination for municipal judge of Miami Beach the names of several attorneys at law practicing on Miami Beach to be voted

upon. Among the nominations by Councilman Rosen was that of attorney Leonard Rivkind, who was and is the law partner of Councilman Rosen, both of whom were and are engaged in the active practice of law as the law offices of Rosen & Rivkind, located on Miami Beach.

In voting for municipal judge of Miami Beach, the city council participated in two ballots; on the first ballot, Councilman Rosen voted in favor of his law partner, attorney Rivkind. Likewise, on the second ballot, Councilman Rosen voted affirmatively for his law partner, attorney Rivkind, to be appointed a municipal judge of Miami Beach. As a result of the vote on the second ballot, attorney Rivkind received enough votes to be appointed municipal judge of Miami Beach.

The plaintiff, J. Jerry Zeltzer, is a citizen of the United States and a permanent resident of Miami Beach, and he is a freeholder and taxpayer of said city; thus, he is able to maintain this action.

This court finds that Chapter 112, Florida Statutes, Part III, entitled *Standards of Conduct for Public Officers and Employees,* and Chapter 2 of the Code of the City of Miami Beach, Article III, entitled *Standards of Conduct for City Officers and Employees* (to be known as the "Conflict of Interest Ordinance of the City of Miami Beach"), were valid enactments and in full force and effect on January 17, 1973.

It is further ordered and adjudged that, based on the foregoing findings of fact, this court comes to the following legal conclusions—

The Standards of Conduct Law, §112.311, Florida Statutes, "Declaration of Policy" states —

> It is hereby declared to be the policy of the legislature that no officer or employee of a state agency or of a county, city or other political subdivision of the state, and no member of the legislature or legislative employee, shall have any interest, financial or otherwise, direct or indirect, or engage in any business, transaction, or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement such policy and strengthen the faith and confidence of the people of the state in their government, there is herein enacted a code of ethics setting forth standards of conduct to be observed by state, county, and city officers and employees, and by officers and employees of other political subdivisions of the state, in the performance of their official duties . . .

The following prohibition is contained in §112.313 subsection (3) —

> No officer or employee of a state agency or of a county, city or other political subdivision of the state, or any legislator or legislative employee shall use, or attempt to use, his official position to secure special privileges or exemptions for himself or others, except as may be otherwise provided by law.

Additional standards of conduct for officers and employees of state agencies, counties, cities, and other political subdivisions are set out in §112.314(1), where it is stated —

> No officer or employee of a state agency or of a county, city, or other political subdivision of the state shall transact any business in his official capacity with any business entity of which he is an officer, director, agent, or member or in which he owns a controlling interest.

The "Conflict of Interest Ordinance of the City of Miami Beach" (Ord. No. 1569, §1) provides in subsection 2-47.3 entitled "Personal or financial interest in matter before board, etc.", that —

> No member of any board, commission or agency of the city, whether elected or appointed, whether paid or unpaid, shall have any financial or personal interest in the outcome of any matter coming before such member in his official capacity, either as owner, member, partner, officer, employee, stockholder or other participant of, or in a private business or professional enterprise that will be affected by the outcome of such matter coming before such board, commission or agency. Such person shall disclose on the record of the council or to his superior or other appointed body or authority the existence of an interest therein and shall disqualify himself from voting or acting on such matters . . .

The ordinance further provides in subsection 2-47.4 entitled "Violations of article," that —

> Any contract, agreement or business engagement entered into in violation of this article shall render the transaction void where so provided in the Charter, otherwise same shall be voidable . . .

During the trial of this cause, the defendants verbally moved to amend their answer, which motion was granted by the court. The defendants amended their answer to state that §112.311, §112.313 (3), and §112.314(1) are unconstitutional as vague, uncertain and discriminatory. This court rules that the challenged statutes are constitutional, further that the conflict of interest ordinances of the city of Miami Beach meet all constitutional requirements.

This court considers it a conflict of interest, contra to the code of ordinances of the city of Miami Beach and the Florida statutes governing such conduct relative to a conflict of interest, for Councilman Rosen to have nominated and/or voted for the appoint-

ment of his law partner, Rivkind, as municipal judge of the city of Miami Beach. The court would be remiss in its duty to close its eyes to this transaction. However, this court makes no imputation of dishonest conduct or lack of integrity towards either Harold Rosen or Leonard Rivkind in this case. The testimony adduced the fact that Couucilman Rosen acted on the legal opinion of the Miami Beach city attorney, which legal opinion was and is erroneous and wrong ab initio.

The democratic process requires public officials to be independent and impartial and responsible to the people — the public must retain complete confidence in its elected officials. Thus, these officials should have and should exercise the highest standards of morality and should discharge faithfully the duties of their offices regardless of personal considerations.

As the Florida Supreme Court found in Watson v. City of New Smyrna Beach, 85 So.2d 548 (1956), the fact that the relationship of the parties — here, Councilman Rosen to his law partner, Rivkind — was known, was "entirely beside the point." The Supreme Court went on to say that dealings between partners, one of whom is a city councilman, is "against public policy." As that court concluded, it is "the propriety of the arrangement" which "is essential to a determination of the case."

This court declares that there is a vacancy of one municipal court judge of the city of Miami Beach; however, the court cannot and declines to make a judicial appointment by decree of this court.

It is ordered and adjudged that final judgment in favor of the plaintiff be, and the same is hereby, granted; and the temporary restraining order previously entered in this cause be, and the same is hereby made permanent.