**In the Matter of William G. RAUSCH, Jr., t/a Rausch Construction Company, Debtor.**

**Frank PARROTTA, Plaintiff,**

v.

**William G. RAUSCH, Jr., t/a Rausch Construction Company, Defendant.**

**Bankruptcy No. 84–04568.
Adv. No. 84–0575TS.**

United States Bankruptcy Court,
D. New Jersey.

May 31, 1985.

Robert Brotman, Elizabeth, N.J., for plaintiff.

Caruso & Baxter, P.C. by Raymond E. Caruso, Eatontown, N.J., for defendant.

AMEL STARK, Bankruptcy Judge.

Plaintiff, by way of Complaint, seeks a declaration that an obligation alleged to be due from Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). The obligation arises out of a $12,500.00 deposit given by Plaintiff to Defendant in furtherance of a contract to construct a one-family custom on land owned by Plaintiff. Plaintiff relies on N.J.S.A. 2A:29A–1 and A–3 as a basis for this Complaint.

## FACTS AND PROCEDURAL HISTORY

On June 9, 1984, Plaintiff entered into a contract with the Defendant for the construction of a one-family custom residence at the price of $125,000.00.

In furtherance of said contract, Plaintiff, on July 7, 1984, deposited with Defendant the sum of $12,500.00.

On July 10, 1984, Defendant deposited these monies into his general business checking account.

The amount of work performed by Defendant in furtherance of his contract with Plaintiff is in dispute, but for the purposes of this Opinion, said dispute is not material. Suffice it to say that Defendant claims that he expended $2,150.00 of the $12,500.00 deposit monies in furtherance of the contract and Plaintiff contends that only $825.00 of said deposit monies can be legitimately accounted for.

The balance of the deposit monies which were not expended in furtherance of the contract between the parties, were used by Defendant in the regular course of his business operations.

Defendant testified that he began to experience serious financial troubles during the months of July and August of 1984, as the result of difficulties encountered with the construction of a custom residence other than that of Plaintiff's.

On August 27, 1984, the Defendant filed a Petition for Relief under Chapter 7 of the Bankruptcy Code.

## DISCUSSION

Plaintiff contends that the Defendant's acceptance of the aforementioned deposit monies and the diversion thereof to uses not in furtherance of the contract between the parties, constitutes "fraud or defalcation while acting in a fiduciary capacity" pursuant to 11 U.S.C. § 523(a)(4). Accordingly, Plaintiff seeks a declaration that the $12,500.00 deposit advanced to the Defendant is a debt which is excepted from discharge in bankruptcy.

Section 523(a)(4) of the Bankruptcy Code provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*　\*　\*　\*　\*　\*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny..."

Plaintiff contends that N.J.S.A. 2A:29A–1 established a "trust" relationship between the parties and made Defendant a "fiduciary" within the meaning of 11 U.S.C. § 523(a)(4), above. N.J.S.A. 2A:29A–1 provides in pertinent part:

"All monies paid as a deposit or advance by a person who has contracted or agreed to purchase a dwelling house to be constructed, shall constitute trust funds for the purpose of carrying out the provisions of said contract or agreement........ Any use of said monies, other than for the purpose of carrying out the provisions of said contract or agreement, shall constitute an unlawful diversion of trust funds."

Further, N.J.S.A. 2A:29A–3, entitled "Insolvency or bankruptcy of person receiving money deposited or advanced" provides:

"In the event of the insolvency or bankruptcy of the person receiving the said monies, the claim of the person who paid the said monies shall constitute a statutory trust with respect to any monies so received and not so previously expended in accordance with the terms of the contract or agreement."

■ Contrary to Plaintiff's position, New Jersey statutory law, specifically N.J.S.A. 2A:29A–1 and A–3, does not define "fiduciary" for the purposes of the Bankruptcy Code. The "scope of the concept fiduciary under [11 U.S.C. § 523(a)(4)] is exclusively a question of federal law".[1] *Matter of Angelle,* 610 F.2d 1335, 1341 (5th Cir.1980).

---

1. The Court in *Angelle* specifically referred to Section 17(a)(4) of the Bankruptcy Act of 1898 which was repealed by the Bankruptcy Code of 1978 and which repealed former Section 17(a)(4) with 11 U.S.C. § 523(a)(4).

■ The traditional definition of a "fiduciary" is not applicable to bankruptcy law. The general meaning—a relationship involving confidence, trust and good faith—is far too broad for the purposes of bankruptcy law. *See Chapman v. Forsyth,* 2 U.S. (How.) 202, 11 L.Ed. 236 (1844); *Upshur v. Briscoe,* 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931 (1890); *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *Matter of Angelle,* 610 F.2d 1335 (5th Cir.1980). The fiduciary relationship referred to in 11 U.S.C. § 523(a)(4) is limited to "technical" trusts. *Id.*

The Supreme Court of the United States first defined the term "fiduciary" as it related to bankruptcy law in *Chapman v. Forsyth, supra.* In *Chapman,* the Court made clear that the concept of fiduciary should be narrowly defined:

"In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the [Bankruptcy Act]...... *The act speaks of technical trusts, and not those which the law implies from contract.*" (emphasis added).

*Chapman v. Forsyth, supra,* 2 U.S. at 207, 11 L.Ed. at 238.

In the years following *Chapman,* the Supreme Court narrowed the concept of fiduciary. The Court made clear that the technical trust required by *Chapman* must exist prior to the act creating the debt and without reference to the act. *See Upshur v. Briscoe; Davis v. Aetna Acceptance Co.; Matter of Angelle, supra.* As stated by the Court in *Davis* and cited by the Circuit Court in *Angelle:*

"It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford, J., 'The lan-

guage would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created.'" (Quoting *Upshur v. Briscoe, supra.*)

*Matter of Angelle, supra,* at 1338.

In analyzing the aforementioned Supreme Court cases, the Court in *Angelle* further stated:

".... the scope of the concept fiduciary under § 17(a)(4) is a question of federal law. The Supreme Court has repeatedly made clear that the concept is limited to technical trusts. Thus, regardless of how a state defines fiduciary, the *Chapman/Davis* definition applies in cases involving § 17(a)(4).²"

*Matter of Angelle, supra,* at 1341.

*Matter of Angelle* is very similar to the case at bar. In *Angelle,* the debtor entered into contract with five separate individuals for the construction of homes. Each of the individuals advanced funds to the debtor for the construction of their particular homes. At the time the debtor declared bankruptcy, none of the five homes had been completed. The debtor admitted that he had only one bank account, and made no effort to segregate funds advanced by the individual parties. The debtor also admitted that he did not always apply funds advanced by a particular contracting party to that party's construction job, frequently using said funds to pay general business debts. Similar to this Court in the case at bar, the Court in *Angelle* was presented with a state statute (Louisiana), which imposed the same trust-like obligation upon the debtor contractor. In holding that the state statute did not make the debtor a fiduciary within the meaning of the bankruptcy law, the Court in *Angelle* stated:

"At the outset, we wish to make clear that in our view, *Chapman* and its progeny need not be read so narrowly that a state can never make certain parties fiduciaries by imposing trust-like duties, such as segregating accounts, on those who enter into certain kinds of contracts.

---

**2.** § 17(a)(4) was repealed and replaced by 11     U.S.C. § 523(a)(4).

Under certain statutes, it is entirely fair to charge contractors with intent to create a trust simply because they have entered into a contract governed by a statute.

We have our doubts, however, that a statute which merely makes misappropriation of funds a crime-without, for example, requiring segregation of accounts-would be enough to charge the parties with an intent to create a trust........ Thus, even assuming that a statute making misappropriation of funds a crime creates a trust, this trust arises out of the misappropriation and plays its role only at that very time.

\* \* \* \* \* \*

Examining the case before us in light of all the above, it is clear that the District Court erred in finding that Angelle was a fiduciary under § 17(a)(4). To begin with, the Court applied a definition of fiduciary that is far too broad. The definition relied upon simply requires a relationship involving confidence, trust, and good faith. Under § 17(a)(4), however, a fiduciary relationship is limited to a technical trust.

The only possible way Angelle could be considered a fiduciary is if Louisiana law imposed trust-like duties on contractors in his position. The only statute relevant on this point is LSA–R.S. 14:202, which makes misappropriation of funds by a contractor a criminal offense........, even assuming the criminal statute made Angelle a trustee, Angelle would have been a trustee only at the time of and because of the misappropriation."

*Matter of Angelle, supra,* at 1340–41.

## II. CONCLUSION

■ For the same reasons articulated by the Court in *Matter of Angelle*, this Court holds that N.J.S.A. 2A:29A–1 and A–3 does not make the Debtor-Defendant in the case at bar a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). On the basis of the aforementioned cases, it is clear that relationship imposed upon the parties by N.J.S.A. 2A:29A–1 and A–3 is not that of a technical trust, in that the Debtor-Defendant was not already a fiduciary at the time the subject debt was created.

For these reasons, the Court hereby denies the relief sought by the Plaintiff and holds that the obligation due from the Defendant is dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4).