THE STATE, EX REL. VILLAGE OF LINNDALE ET AL., APPELLEES, *v.* MASTEN, APPELLANT.

[Cite as State, ex rel. Linndale, *v.* Masten (1985), 18 Ohio St. 3d 228.]

(No. 84-1207—Decided July 17, 1985.)

*Anthony J. Celebrezze, Jr.*, attorney general, and *Jeffrey J. Jurca*, for appellees.

*James M. Dubelko*, village solicitor, for appellant.

*Per Curiam.* The sole appellant herein, Armand Masten, Mayor of Linndale, raises two propositions of law for our review. First, the appellant proposes that, absent a showing of negligence or other wrongdoing, a public official should not be held liable for the loss of funds collected in his official capacity. The appellant urges that public officials be held to the same standard of care as private trustees, *i.e.*, that they should be required to exercise reasonable care, skill and diligence in the protection of funds under their control, and that they should not be held liable for the loss of public funds unless it is shown that they failed to abide by the foregoing standard of care.

We reject the appellant's first proposition of law because acceptance of this proposition would require us to overrule, without sufficient justification, a long line of cases that have held that a public official is " 'accountable for the moneys that come into his hands as such official * * *; that is to say, that when he comes to account for the money received, *it must be accounted for and paid over*, unless payment by the official is prevented by an act of God or a public enemy * * *.' " *State* v. *Herbert* (1976), 49 Ohio St. 2d 88, 96 [3 O.O.3d 79] (quoting *Seward* v. *National Surety Co.* [1929], 120 Ohio St. 47, 49). (Emphasis added.) The policy reasons behind making public officials accountable for the funds that they receive — *i.e.*, the need to prevent frauds against the public, to protect public funds, and to place final responsibility for public funds on the shoulders of the officials charged with the collection and care of such funds — are as valid today as when they first formed the basis for the rule of accountability set forth above. The appellant's first proposition of law, therefore, is rejected.

The appellant's second proposition is that Traf. R. 13(A) places full responsibility for the collection and accounting of fines and costs on the violations clerk and thereby renders the common-law rule of accountability inapplicable to the appellant herein. The first paragraph of this rule states:

"A traffic violations bureau must be established by all courts other than juvenile courts. The court shall appoint its clerk as violations clerk. If there is no clerk, the court shall appoint any appropriate person of the municipality or county in which the court sits. The violations bureau and violations clerk shall be under the direction and control of the court. Fines and costs shall be paid to, receipted by and accounted for by the violations clerk."

Although the last sentence of the foregoing paragraph directs the violations clerk to receive and account for fines and costs, the preceding sentence clearly places the "violations bureau *and* the violations clerk * * * under the direction and control of the court [*i.e.*, the mayor]." (Emphasis added.) Further, the appellant was fully responsible for the appoint-

ment of Bernice Pyle as violations clerk. As such, we find that Traf. R. 13(A) does not relieve the appellant of his responsibility for the funds that were collected and accounted for under his "direction and control."

The appellant, as found by the trial court, "did not review, examine or audit the receipt books, cash journal or other records required to be kept and maintained by the Mayor's Court or Clerk of the Court acting on his behalf." Pursuant to Traf. R. 13(A), the appellant had full control over the persons required to receive and account for fines and costs paid to the traffic violations bureau of the Linndale's Mayor's Court. The law of this state as set forth in *State* v. *Herbert, supra,* and its predecessors, holds the appellant accountable for "the moneys that come into his hands" in his capacity as a court. Thus, the appellant was rightfully found to be liable for the $8,888.83 shortage in the funds and accounts of the Linndale Mayor's Court.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

HOLMES and WRIGHT, JJ., concur separately.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., concurring. On the present status of the statutory law I am compelled to concur with the majority herein, but I must draw attention to the need for legislative action to enact curative statutes which would give some reasonable and equitable relief to the honest and basically diligent public officials who are caught up in this undue burden of surveillance over all operations of the government within which they function.

WRIGHT, J., concurs in the foregoing concurring opinion.