In re Dorman WEEDMAN, Brenda Weedman, Debtors.

Robert J. BUTLER, Jr., Plaintiff,

v.

Dorman WEEDMAN, Defendant.

Bankruptcy No. 48400390.
Adv. No. 4850012.

United States Bankruptcy Court,
W.D. Kentucky.

Sept. 30, 1986.

Cecil Davenport, Louisville, Ky., for plaintiff.

Robert D. Meredith, Leitchfield, Ky., for defendant.

Russ Wilkey, Owensboro, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The issue facing the court today is whether an obligation arising out of a contractor/debtor's failure to pay a materialman from the payments received from the owner of the property where the materials were used to make improvements gives rise to a nondischargeable obligation under Sec-

tion 523(a)(4)[1] of the Bankruptcy Code. The parties submitted this matter for consideration on cross motions for summary judgment and the facts are not in dispute.

The plaintiff in this action, Robert Butler, contracted with the debtor, Dorman Weedman for the construction of a house on Nolin Lake. Butler agreed to pay the debtor $21,060.64 for building the house.

The debtor, acting as a contractor for Butler purchased $5,866.67 worth of supplies and materials from the Leitchfield Lumber Company, Inc. (LLC) for use in the construction of Butler's house. Although Butler paid the debtor the full contract price for the house, the debtor did not pay LLC for the materials it supplied. Exercising its rights under Kentucky materialmen and mechanics' lien law, LLC filed a lien against Butler's Nolin Lake residence.

As a result of a lien being placed on his property, Butler sued LLC and the debtor in state court seeking to have the lien removed and/or the debtor pay the mechanics lien. This suit was resolved by the parties entering into agreed orders which provided that: (1) LLC had a valid mechanic's and materialmen's lien against Butler's property in the amount of $5,866.67; and (2) that the debtor owed $5,866.67 to Butler as a result of his failure to use the contract proceeds to pay LLC for the materials it supplied for the debtor's house.[2]

After the state court entered these agreed orders the debtor filed for protection under Chapter 7 of the Bankruptcy Code and the present nondischargeability action ensued.

\*     \*     \*     \*     \*     \*

■ Section 523(a)(4) of the Bankruptcy Code provides in pertinent part that:

A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(4) for fraud or defalcation while acting in a fiduciary capacity ...

In deciding whether the debt in question is excepted from discharge under Section 523(a)(4), we must consider two preliminary questions: (1) whether the debt arose while the debtor was acting in a fiduciary capacity; and (2) whether that debt resulted from fraud or defalcation.

Butler contends that under Kentucky law, there exists a fiduciary relationship between a contractor and the owner of property upon which the contractor makes improvements and that can be subject to third party lienors such as materialmen and subcontractors. In support of this position Butler cites KRS 376.070 which provides that:

(1) Any contractor, architect or other person who builds, repairs or improves the property of another under such circumstances that a mechanic's or materialman's lien may be imposed on the property shall, from the proceeds of any payment received from the owner, pay in full all persons who have furnished material or performed labor on the property.

(2) If any payment by the owner to the contractor, architect or other person is not sufficient to pay in full all bills for material and labor, then such claims shall be paid on a pro rata basis to the amount of payments received, unless otherwise agreed between the contractor, architect or other person and the holder of the claim for material or labor.

(3) This section shall not apply where persons furnishing material or performing labor have waived in writing their right to file mechanics' or materialmen's liens.

KRS 376.990 imposes a fine of between $50 and $1,000 and/or imprisonment for 1 to 12 months for violating the provisions of KRS 376.070.

■ While we agree that the debtor is a fiduciary under Kentucky law the issue

---

1. Due to our holding on the 11 U.S.C. § 523(a)(4) complaint, we need not consider any other elements of Butler's nondischargeability action against the debtor.

2. *Butler v. Weidman (Sic)*, No. 83–CI–250 (Agreed Judgment entered January 13, 1984); *Butler v. Weedman,* No. 83–CI–250 (Agreed Judgment entered June 22, 1984).

of whether a debtor is a fiduciary under Section 523(a)(4) is a question of federal, and not state law.[3] As used in this statute the "term 'fiduciary' applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity."[4] In determining whether an "express" trust exists state law may be consulted.[5] State statutes may create Section 523(a)(4) fiduciary relationships if they: (1) define the trust res; (2) spell out the "trustee's" fiduciary duties; and (3) impose a trust on the funds prior to the act which created the debt.[6]

 After considering Kentucky law relating to the use of funds by contractors in light of the narrow definition of fiduciary under the Bankruptcy Code, we hold that KRS 376.070 imposes an express trust upon contractors and that misuse of funds from such trusts is actionable under Section 523(a)(4) of the Bankruptcy Code.[7] In order to create a trust relationship the words "trust" or trustee need not be used.[8] Here KRS 376.070 mandates that contractors pay in full or pro rata "all persons who ... furnished material or performed labor on property" from the property's owner. These fiduciary duties are imposed on a contractor prior to and independent of any claim of misappropriation although a contractor may be held criminally liable for any misappropriation or defalcation which occurs.[9]

Having determined that the debtor had a fiduciary duty to plaintiff, Robert Butler, we now must decide whether the debtor's obligation to the plaintiff arose as a result of fraud or defalcation. The evidence shows that the debtor failed to fully pay a materialman who supplied lumber for the construction of the plaintiff's house from the proceeds of the plaintiff's payments to the debtor. Such a failure to properly pay a materialman constitutes a prima facie case of defalcation under Section 523(a)(4) of the Bankruptcy Code.[10] A debtor may rebut such a showing by proving that there was some legitimate reason for not paying the materialman.[11] In this case, however, the debtor has offered no such evidence, contending instead that as a matter of law his actions did not give rise to a nondischargeable obligation. It is that argument we reject for the reasons given above. An order reflecting these findings will be entered with this opinion.

---

**3.** *In re Johnson,* 691 F.2d 249, 251 (6th Cir.1982).

**4.** *Id.*

**5.** *Runnion v. Pedrazzini,* 644 F.2d 756 (9th Cir. 1981); *Angelle v. Reed,* 610 F.2d 1335 (5th Cir. 1980); *Matter of Schnitz,* 52 B.R. 951 (W.D.Mo. 1985).

**6.** *In re Johnson,* 691 F.2d at 252–53.

**7.** This position is consistent with a prior unpublished opinion of this Court *In re Tyler,* No. BK 77–00422–L (Bkrtcy.W.D.Ky. February 23, 1979). Although this case was decided under Section 17(a)(4) of the now repealed Bankruptcy Act of 1898, the former provision is substantially the same as Section 523(a)(4) and cases decided under it should be given precedential value. *See In re Myers,* 52 B.R. 901 (Bkrtcy.E.D. Va.1985); Matter of Rausch, 49 B.R. 562 (Bkrtcy.D.N.J.1985).

**8.** *See Matter of Schnitz* 52 B.R. at 955. *See Also In re Johnson,* 691 F.2d at 249.

**9.** It is a settled matter of bankruptcy law that state statutes which impose a trust *ex-maleficio* are not within the scope of Section 523(a)(4) *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333–34, 55 S.Ct. 151, 153–54, 79 L.Ed. 393 (1934); *In re Johnson,* 691 F.2d at 252, *Devaney v. Dloogoff,* 600 F.2d 166 (8th Cir.1979). Contra *Allen v. Ramero,* 535 F.2d 618 (10th Cir.1976).

**10.** The term "defalcation" is extremely broad and includes deficits which result from a breach of a fiduciary's duty even if the breach was not intentional or committed in Bad Faith. *In re Johnson, 691 F.2d at 254–57.*

**11.** See *In re Johnson,* 691 F.2d at 257 ("We hold that the objective fact that monies paid into the building contract fund were used for purposes other than to pay laborers, subcontractors or materialmen first is sufficient to constitute defalcation [under 11 U.S.C. § 523(a)(4) ] *So long as the use was not the result of mere negligence or a mistake of fact ..."* [emphasis added] ).