In re Julio C. CODIAS, Debtor.

Nely MORALES and Olga Costa, Plaintiffs,

v.

Julio C. CODIAS, Defendant.

Bankruptcy No. 87–00158–BKC–SMW.
Adv. No. 87–0216–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 24, 1987.

Dale F. Webner, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Miami, Fla., for plaintiffs.

Ronald G. Neiwirth, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on Tuesday, June 9, 1987, upon the Complaint of Creditors, Nely Morales and Olga Costa, against the Debtor, Julio C. Codias, to determine the dischargeability of a debt pursuant to 11 U.S.C. Section 523(a)(4), and the Court having considered the stipulated facts, examined the evidence presented, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Facts and Conclusions of Law:

Defendant, who at the time was a Georgia attorney, moved to the State of Florida in 1982 and opened an office in Miami for the practice of law with business cards and letterheads, without disclaimer. He represented many clients before the State and Federal Courts in the State of Florida, but was not licensed to practice law in the State of Florida. He failed the Florida Bar examination on two occasions.

During June 1983, Plaintiffs retained Defendant to represent them on certain legal matters pending in the Circuit Court of Dade County. They executed a written Retainer Agreement for legal services, under which they paid Defendant the sum of $37,000.00. Defendant simply filed a pro-hac-vice motion in the case he was handling for Plaintiffs, which was his practice in each of the other cases he was handling in the State of Florida.

As a result of the above activities, Plaintiffs brought suit in State Court for the recovery of the money taken by Defendant under a count for a determination that the contract was illegal and a separate count for fraud: The jury returned a verdict in favor of Plaintiffs specifically finding the contract to be illegal, but finding no intent,

and therefore, no fraud. As a result of the finding of illegality of the contract, the State Court entered judgment for the restitution of the money paid to Defendant, plus interest, for a total judgment of $48,981.00. Regarding Defendant's practice of filing a pro-hac-vice motion in every case that he handles, the Florida court specifically ruled, "this rule does not permit an attorney to conduct a practice, operate an office, or otherwise hold himself out as a Florida attorney by simply filing the request to do so in each case that he handles".

Under 11 U.S.C. Section 523(a)(4) a judgment is excepted from discharge if the debt was for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny". As a result of the State Court verdict finding no fraud, the debt cannot be excepted from discharge under the "fraud" provisions of 523(a)(4), and Plaintiffs so stipulated at trial. However, this Court finds that the debt reflected by the Judgment is excepted from discharge under the provision for "defalcation while acting in a fiduciary capacity".

▆ Defendant's conduct and the specific Final Judgment in favor of Plaintiffs finding the contract to be illegal constitutes defalcation while acting in a fiduciary capacity. Under 11 U.S.C. Section 523(a)(4), there is a clear distinction between fraud "or" defalcation. Both the common law tort of fraud and fraud sufficient to avoid the discharge of a debt require the element of intent. However defalcation sufficient to avoid the discharge of a debt in bankruptcy does not require the element of intent. *Matter of Owens* 54 B.R. 162 (Bankr. S.C.1984); *Matter of Anderson* 64 B.R. 331 (Bankr.N.D.Ill.1986); *Matter of Levitt* 18 B.R. 598 (Bankr.Pa.1982); *Matter of Meek* 25 B.R. 58 (Bankr.Or.1982); *Matter of Wolfington* 47 B.R. 762 (Bankr.Pa.1985); *Matter of Gumieny* 8 B.R. 602 (Bankr.Wis. 1981); *Matter of Nicholson* 55 B.R. 645 (Bankr.Ga.1985); *Matter of Myers* 52 B.R. 901 (Bankr.Va.1985); *Matter of Cowley* 35 B.R. 526 (Bankr.Kan.1983).

▆ In order to avoid a discharge under the "defalcation" provision, the Court must find that both a defalcation occurred and a fiduciary relationship existed. Defalcation is the slightest misconduct, and it need not be intentional conduct; negligence or ignorance may be "defalcation". *Matter of Owens* 54 B.R. 162 (Bankr.S.C.1984). In this case, Defendant's illegal conduct resulting in the wrongful taking of Plaintiff's $37,000.00 retainer constitutes defalcation.

▆ In addition to a defalcation, the Court must also find that a fiduciary relationship existed. The finding of a fiduciary relationship requires proof of an express or technical trust. See *McClain v. Elliot* (In re Elliot), 66 B.R. 466, 467 (Bankr.S.D.Fla. 1986). In the subject case, Defendant's holding himself out to be a Florida attorney and entering into a written Retainer Agreement with Plaintiffs constitutes the creation of a fiduciary relationship and a resulting express and technical trust. The taking of a $37,000.00 fee under the illegal relationship and illegal retainer contract constitutes a violation of the trust and a misappropriation of Plaintiffs' money.

Although the *Elliot* (supra) and other cases relied upon by Defendant involve the misappropriation of trust funds legally received, it is no less of a moral dereliction and breach of trust to illegally receive funds than to misappropriate funds. The express trust arose at the time Defendant held himself out to be an attorney and executed the Retainer Contract with Plaintiffs. The $37,000.00 retainer fee was paid by Plaintiffs to Defendant under such an express trust and thereafter paid by Defendant to himself as fees. The fact that the violation of express trust resulted from the illegal taking of Plaintiffs' money in the first instance rather than the misappropriation of money legally received is of no material distinction. Any other rule would simply reward Defendant and others who can conceal their illegal acts and obtain payment before being caught.

Defendant was specifically found to have committed an illegal act in violation of the criminal statutes of the State of Florida, namely Section 454.23, Fla.Stat. Under Florida law, Defendant is not permitted to retain the fruits of an illegal contract.

*Town of Boca Raton v. Raulerson,* 108 Fla. 376, 146 So. 576 (1933); *K & R Engineering Company, Inc. v. United States,* 616 F.2d 469 (U.S. Ct.Cl. 1980); *Spence, et al. v. Gerson,* 483 So.2d 775 (Fla. 3d DCA 1986) (specifically pertaining to attorneys' fees). The bankruptcy courts should not permit a debtor to retain the fruit of an illegal contract by allowing the discharge of a debt created in violation of Florida law. The purpose of the bankruptcy act is to grant a discharge of honest debts to honest debtors, not to grant discharges to those who have dishonesty received or used funds entrusted to them. *Matter of Wolfington* 47 B.R. 762 (Bankr.E.D.Pa.1985).

Based on the foregoing, the debt reflected by the State Court Judgment is excepted from discharge under 11 U.S.C. Section 523(a)(4) because of the debtor's defalcation while acting in a fiduciary capacity. A separate final judgment of even date has been entered in conformity herewith.