In re Joan Paulette KERN, Debtor.

The OHIO CASUALTY INSURANCE COMPANY, Plaintiff,

v.

Joan Paulette KERN, Defendant.

Bankruptcy No. 2–88–01259.
Adv. No. 2–88–0176.

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 4, 1989.

---

J. Gerard Swank, Newark, Ohio, for plaintiff.

John L. Haney, Jr., Hilliard, Ohio, for debtor/defendant.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. Trustee.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

### I. Preliminary Statement

This matter is before the Court upon the Motion for Summary Judgment filed by The Ohio Casualty Insurance Company ("OCIC"). A memorandum in opposition to OCIC's summary judgment motion has been filed by Joan Paulette Kern, the defendant in this adversary proceeding and the debtor in the Chapter 7 case of *In re Joan Paulette Kern,* Case No. 2–88–01259 ("Debtor"). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

### II. Statement of Uncontested Facts

OCIC has moved for summary judgment on its complaint which seeks an order of this Court excepting the debt owed OCIC from Debtor's general discharge pursuant to 11 U.S.C. § 523(a)(4). The Motion is predicated on the following undisputed material facts which may be derived from Debtor's admission of allegations in plaintiff's complaint and her responses to OCIC's request for admissions:

(1) Debtor was appointed guardian of the estate of Corey Paul Chapman, her minor son, by the Probate Court of Fairfield County, Ohio, on May 7, 1986;

(2) At the time of her appointment, the Debtor filed a guardianship bond upon which OCIC acted as surety;

(3) The guardianship estate consisted of the sum of $37,500 which represented the proceeds of a personal injury settlement received by the Debtor's ward;

(4) Debtor filed a Fiduciary Account with the Fairfield County Probate Court on or about September 9, 1987. The Fiduciary Account reflected a "shortage" of $11,-412.19—*i.e.,* while the Fiduciary Account contained a record of certain receipts and expenditures, Debtor was unable to account for the sum of $11,412.19;

(5) All monies disbursed from the guardianship estate between May 7, 1986, and September 9, 1987, were disbursed by the Debtor, who possessed sole control over the assets therein;

(6) On February 2, 1987, James Stevenson ("Stevenson") was appointed as successor guardian of the estate of Corey Paul Chapman; and

(7) Stevenson asserted a claim against OCIC in the Fairfield County Probate Court as successor trustee for the amount of $11,412.19. OCIC paid this claim in full.

The total sum paid by OCIC on Debtor's surety bond was $11,817.17, which is comprised of the $11,412.19 shortfall reflected in the Fiduciary Accounting and $404.98 in interest thereon.

### III. Legal Discussion

OCIC seeks to except the debt owed it by Debtor from discharge pursuant to 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge any individual from any debt—

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . . .

According to OCIC, the uncontraverted facts derived from Debtor's admissions clearly establish that Debtor defalcated while acting in a fiduciary capacity. Because there are no genuine issues of material fact, OCIC submits, it is entitled to summary judgment. *See,* Bankruptcy Rule 7056. Summary judgment is not appropriate, Debtor rejoins, because the testimony she will provide will establish that all expenditures she made as guardian were in good faith and provided necessary food and shelter for her son. The arguments of the parties shall be considered below.

To obtain a judgment of nondischargeability under § 523(a)(4) of the Bankruptcy Code the Sixth Circuit has held that the following must be proven:

(1) an express trust status to the property at issue;

(2) [the debtor] must have been acting in a fiduciary capacity;

(3) [the debtor] must have breached this relationship by at least "defalcation" of funds.

*Capital Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.),* 760 F.2d 121, 124 (6th Cir.1985).[1]

▪ The first two elements of the *Interstate Agency* court's tripartite dischargeability test do not appear to be disputed by the parties. As guardian of the estate of Corey Paul Chapman, Debtor held $37,500 in trust and certainly occupied the position of a fiduciary under Ohio law.[2] *See,* Ohio Revised Code § 1339.03(B). The dispositive issue, then, is whether the Debtor is guilty of defalcation within the meaning of 11 U.S.C. § 523(a)(4).

The Sixth Circuit in *Interstate Agency* articulated the following definition of "defalcation": " 'Defalcation' is defined as encompassing embezzlement, the 'misappropriation of trust funds held in any fiduciary capacity' and the 'failure to properly account for such funds.' " 760 F.2d at 125 (quoting BLACK'S LAW DICTIONARY at 375 (5th ed. 1979)). It has long been held that to establish defalcation one need not prove intentional misconduct on the fiduciary's part. *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510, 511–12 (2d Cir.1937) (interpreting the term defalcation against the backdrop of the Bankruptcy Acts of 1800, 1841 and 1898). Following Judge Learned Hand's decision in the seminal *Central Hanover Bank* case, the Sixth Circuit stated that "creating a debt by breaching a fiduciary duty is a sufficiently bad act to invoke the section 17(a)(4) exception [to discharge] even without a subjective mental state evidencing intent to breach a known fiduciary duty or bad faith in doing so." *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249, 256 (6th Cir.1982) (interpreting 17(a)(4) of the former Bankruptcy Act). The *Johnson*

**1.** While the *Interstate Agency* court's holding was predicated on its interpretation of § 17(a)(4) of the Bankruptcy Act of 1898, "the former provision is substantially the same as Section 523(a)(4) and cases decided under it should be given precedential value." *Butler v. Weedman (In re Weedman),* 65 B.R. 288, 291 n. 7 (Bankr.W.D.Ky.1986). *See also, Parrotta v. Rausch (In re Rausch),* 49 B.R. 562, 564 (Bankr. D.N.J.1985); *Commonwealth of Virginia Comm. of Game and Inland Fisheries v. Myers (In re*

*Myers),* 52 B.R. 901, 904 n. 2 (Bankr.E.D.Va. 1985).

**2.** The question of who is a fiduciary for purposes of § 523(a)(4) is one of federal law; however, state law is relevant to the issue. *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249, 251 (6th Cir.1982); *Schwalbe v. Gans (In re Gans),* 75 B.R. 474, 489 (Bankr.S.D.N.Y. 1987).

court imposed "[a]n objective standard for finding a defalcation, that does charge a bankrupt with knowledge of the law and that does not weigh intent or motive." *Id.* at 255–56. Such an objective standard, the Sixth Circuit concluded, "is consistent with the policy behind the bankruptcy laws of giving an honest debtor the opportunity for economic rehabilitation." *Id. See also, Goldberg v. Wolfington (In re Wolfington),* 47 B.R. 762, 764 (Bankr.E.D.Pa.1985) ("It is irrelevant that the default by the fiduciary was innocent."); *Orem Postal Credit Union v. Twitchell (In re Twitchell),* 72 B.R. 431, 435 (Bankr.D.Utah 1987) (defalcation includes innocent or simple defaults or mere failures to account for funds); *Schwalbe v. Gans (In re Gans),* 75 B.R. 474, 490 (Bankr.S.D.N.Y.1987) (defalcation is broadly defined to include a fiduciary's failure to account for money he received in his fiduciary capacity regardless of the fact that such failure may have resulted from ignorance or negligence); *Morales v. Codias (In re Codias),* 78 B.R. 344, 346 (Bankr.S.D.Fla.1987) ("Defalcation is the slightest misconduct; negligence or ignorance may be 'defalcation.' "); *NesSmith Electric Company, Inc. v. Kelley (In re Kelley),* 84 B.R. 225, 230 (Bankr.M.D.Fla.1988) (defalcation is determined by an objective standard with no element of intent or bad faith needing to be shown).

■ Application of the decisional principles discussed above to the uncontested facts of this case leads to the inescapable conclusion that Debtor's obligation to OCIC is nondischargeable. Debtor's inability to account for $11,412.19 of the funds entrusted to her as her son's guardian is admitted. Memorandum in Opposition to Motion for Summary Judgment ("Memorandum") at 2. According to Debtor, because her actions as guardian "were taken without the benefit of legal counsel and in good faith," her obligation to OCIC should not be excepted from discharge. *Id.* Further, while Debtor concedes that "her records are sloppy and incomplete" and that she has a present "inability to account for certain expenditures," the Fiduciary Account, Debtor posits, "does not prove that all expenditures unaccounted for were not for the benefit of the ward or were the product of theft,

fraud or embezzlement." Debtor's Memorandum at 3. Debtor's arguments are without merit. As the discussion above demonstrates, defalcation within the meaning of 11 U.S.C. § 523(a)(4) is established where a party is simply unable to account for funds held in a fiduciary capacity. *Interstate Agency,* 760 F.2d at 125. Moreover, the fact that Debtor acted in good faith and was not fully aware of her duties as a fiduciary is irrelevant. The case law establishes that the element of intent or bad faith is not a necessary prerequisite to the establishment of defalcation; rather, a fiduciary's innocent or negligent inability to account constitutes a defalcation and results in nondischargeability. *Johnson,* 691 F.2d at 255–56; *Wolfington,* 47 B.R. at 764; *Twitchell,* 72 B.R. at 435; *Gans,* 75 B.R. at 490; *Codias,* 78 B.R. at 346; *Kelley,* 84 B.R. at 230.

In sum, the arguments advanced by Debtor are unavailing. By her own admission, Debtor is unable to account for funds she held in a fiduciary capacity. Thus, Debtor is guilty of defalcation and her obligation to OCIC is nondischargeable under 11 U.S.C. § 523(a)(4).

Based upon the foregoing, the Motion of Plaintiff for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.