In re Howard Patrick CURTH, Debtor.

**CROOKSVILLE EXEMPTED VILLAGE SCHOOL DISTRICT, Plaintiff,**

v.

**Howard Patrick CURTH, Defendant.**

**Bankruptcy No. 2–86–03856.**

**Adv. No. 2–87–0144.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 5, 1989.

Janice M. Bernard, Sanders & Dempsey, Columbus, Ohio, for plaintiff.

Charles M. Caldwell, Office of the United States Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Statement*

This matter is before the Court on the Motion for Summary Judgment ("Motion") filed by the plaintiff Crooksville Exempted School District (the "School District"). The defendant, Howard Patrick Curth ("Curth" or "Debtor") is the debtor in the Chapter 7 case of *In re Howard Patrick Curth,* Case No. 2–86–03856, and is defending this lawsuit on a *pro se* basis. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine in accordance with 28 U.S.C. § 157(b))(1) and (b)(2)(I).

### II. *Statement of Uncontested Facts*

The School District's Motion is based upon the following facts which are established by affidavits and other evidentiary materials submitted therewith and were not challenged by the Debtor through counter-affidavit or otherwise:

(1) Debtor served as the Treasurer of the School District in 1983;

(2) While acting in his official capacity of Treasurer, Debtor invested $100,000 of the School District's funds in the North Western Bank of Commerce ("NWBC"), a financial institution purportedly located in the Marshall Islands. This financial institution was not eligible to become a depository of public moneys under Ohio law (*see,* Ohio Revised Code ["O.R.C."] § 135.03);

(3) The $100,000 investment made by Curth was to mature on October 10, 1984 and was to bear interest at a rate of 10.5% per annum;

(4) At the time Curth's unauthorized investment matured, he received a cashier's check drawn on NWBC in the amount of $110,500. This check was subsequently dishonored;

(5) In a Report of Examination for the School District which was issued by Thomas E. Ferguson, Auditor of the State of Ohio, and which covered the time period of January 1, 1984 through June 30, 1986, findings for recovery were returned against Curth and his bonding company—State Automobile Mutual Insurance Company—jointly and severally, in the amount of $100,000;

(6) Curth was indicted for bribery and grand theft and on February 4, 1986, was found guilty of bribery following a jury trial in the Court of Common Pleas of Perry County, Ohio. Debtor's conviction was based on his receipt of $10,000 from Joseph E. Kennedy, who together with Curth devised the scheme to make the illegal investment with NWBC. Kennedy was convicted of grand theft in the Perry County Court of Common Pleas on February 10, 1986; and

(7) Debtor's conviction was affirmed by the Perry County Court of Appeals on September 6, 1986. He is presently incarcerated at the Ohio Penitentiary.

### III. *Legal Discussion*

The School District moves for summary judgment on its complaint which seeks to except the debt owed it by Curth from discharge pursuant to 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge any individual from any debt—

....

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ....

Debtor has filed a pleading *pro se* entitled "Motion for Dismissal" which the Court shall construe as a memorandum opposing summary judgment ("Memorandum *Contra*"). The Memorandum *Contra* is not accompanied by affidavits or other evidentiary materials. Rather, the papers accompanying the Memorandum *Contra*, including a number of pleadings filed by Curth in his state court criminal proceeding, apparently were filed to support Debtor's contention that his bribery conviction "was unlawfully obtained in violation of the Sixth and fourteenth [sic] Amendments to the Constitution of the United States." Memorandum *Contra* at 2. Curth cannot defeat summary judgment by relying on his allegations or denials in the pleadings when the School District has submitted affidavits and other materials showing the absence of triable issues of material fact. Bankruptcy Rule 7056(e); *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968) (footnote omitted); *Willetts v. Ford Motor Co.*, 583 F.2d 852, 856–57 (6th Cir. 1978); 6 *Moore's Federal Practice* ¶ 56.11[3] at 56–122 (2d ed. 1988). Thus, as the discussion below demonstrates, there are no genuine issues of material fact and the School District is entitled to judgment as a matter of law.

To obtain a judgment of nondischargeability under § 523(a)(4) of the Bankruptcy Code the Sixth Circuit has held that the following must be proven:

(1) an express trust status to the property at issue;

(2) [the debtor] must have been acting in a fiduciary capacity;

(3) [the debtor] must have breached this relationship by at least "defalcation" of funds.

*Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.)*, 760 F.2d 121, 124 (6th Cir.1985).[1]

---

1. While the *Interstate Agency* court's holding was predicated on its interpretation of § 17(a)(4) of the Bankruptcy Act of 1898, "the former provision is substantially the same as Section 523(a)(4) and cases decided under it should be given precedential value." *Butler v. Weedman (In re Weedman)*, 65 B.R. 288, 291 n. 7 (Bankr.W.D.Ky.1986). *See also, Parrotta v.*

The first two elements of *Interstate Agency* court's three-prong dischargeability test are clearly present here. Under Ohio law,[2] because Curth was a public office-holder who was charged with the responsibility for holding public monies, the funds which he illegally invested had the status of trust funds. *See, Crane Township v. Secoy,* 103 Ohio St. 258, 259-60, 132 N.E. 851 (1921). *Cf., State ex rel. Linndale v. Masten,* 18 Ohio St.3d 228, 228, 480 N.E.2d 777, 778 (1985). Further, the fact that Debtor occupied the position of a fiduciary is conceded by Curth in his answer to the School District's complaint. Debtor's Answer at 1. Accordingly, the only remaining issue is whether Curth's conduct constituted defalcation within the meaning of 11 U.S.C. § 523(a)(4).

In a recent decision, this Court analyzed the concept of "defalcation" under § 523(a)(4) of the Bankruptcy Code in the following manner:

> The Sixth Circuit in *Interstate Agency* articulated the following definition of "defalcation": " 'Defalcation' is defined as encompassing embezzlement, the 'misappropriation of trust funds held in any fiduciary capacity' and the 'failure to properly account for such funds.' " 760 F.2d at 125 (quoting BLACK'S LAW DICTIONARY at 375 (5th ed. 1979)). It has long been held that to establish defalcation one need not prove intentional misconduct on the fiduciary's part. *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510, 511-12 (2d Cir.1937) (interpreting the term defalcation against the backdrop of the Bankruptcy Acts of 1800, 1841 and 1898). Following Judge Learned Hand's decision in the seminal *Central Hanover Bank* case, the Sixth Circuit stated that "creating a debt by breaching a fiduciary duty is a sufficiently bad act to invoke the section 17(a)(4) exception [to discharge] even without a subjective mental state evidencing intent

to breach a known fiduciary duty or bad faith in doing so." *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249, 256 (6th Cir.1982) (interpreting 17(a)(4) of the former Bankruptcy Act). The *Johnson* court imposed "[a]n objective standard for finding a defalcation, that does charge a bankrupt with knowledge of the law and that does not weigh intent or motive." *Id.* at 255-56. Such an objective standard, the Sixth Circuit concluded, "is consistent with the policy behind the bankruptcy laws of giving an honest debtor the opportunity for economic rehabilitation." *Id. See also, Goldberg v. Wolfington (In re Wolfington),* 47 B.R. 762, 764 (Bankr.E.D.Pa. 1985) ("It is irrelevant that the default by the fiduciary was innocent."); *Orem Postal Credit Union v. Twitchell (In re Twitchell),* 72 B.R. 431, 435 (Bankr.D. Utah 1987) (defalcation includes innocent or simple defaults or mere failures to account for funds); *Schwalbe v. Gans (In re Gans),* 75 B.R. 474, 490 (Bankr.S. D.N.Y.1987) (defalcation is broadly defined to include a fiduciary's failure to account for money he received in his fiduciary capacity regardless of the fact that such failure may have resulted from ignorance or negligence); *Morales v. Codias (In re Codias),* 78 B.R. 344, 346 (Bankr.S.D.Fla.1987) ("Defalcation is the slightest misconduct; negligence or ignorance may be 'defalcation.' "); *NesSmith Electric Company, Inc. v. Kelley (In re Kelley),* 84 B.R. 225, 230 (Bankr.M.D.Fla. 1988) (defalcation is determined by an objective standard with no element of intent or bad faith needing to be shown).

*Ohio Cas. Ins. Co. v. Kern (In re Kern),* 98 B.R. 321, 323-24 (Bankr.S.D.Ohio 1989).

Under the foregoing analysis there can be no doubt that Curth's conduct consti-

---

*Rausch (In re Rausch),* 49 B.R. 562, 564 (Bankr. D.N.J.1985); *Commonwealth of Virginia Comm. of Game and Inland Fisheries v. Myers (In re Myers),* 52 B.R. 901, 904 n. 2 (Bankr.E.D.Va. 1985).

**2.** The question of who is a fiduciary for purposes of § 523(a)(4) is one of federal law; however, state law is relevant to the issue. *Carlisle Cashway, Inc. v. Johnson (In re Johnson),* 691 F.2d 249, 251 (6th Cir.1982); *Schwalbe v. Gans (In re Gans),* 75 B.R. 474, 489 (Bankr.S.D.N.Y. 1987).

tutes defalcation within the meaning of 11 U.S.C. § 523(a)(4). Given Curth's participation in the illegal investment scheme and his subsequent bribery conviction, intentional misconduct on the Debtor's part can be presumed. Yet, under the broad definition of defalcation outlined above, the Court need not reach this issue. Curth's conduct falls squarely within the category of conduct the Sixth Circuit characterizes as defalcation—*i.e.*, "embezzlement, 'misappropriation of trust funds held in any fiduciary capacity', or 'failure to properly account for such funds'." *Interstate Agency,* 760 F.2d at 125 (quoting BLACK'S LAW DICTIONARY at 375 (5th ed. 1979)). Stated differently, Curth plainly failed to properly account for funds held in a fiduciary capacity; therefore, he is guilty of defalcation. While Curth's conduct may also constitute embezzlement or misappropriation, the Court need not make this finding in order to pass on the merits of the Motion.

Debtor's arguments in opposition to the Motion are uncompelling. The fact that his co-conspirator is jointly and severally liable on the debt owing the School District does not alter the nondischargeable nature of Curth's obligation. And, Curth's challenge of the constitutionality of his conviction is likewise of no relevance here. Debtor's bribery conviction withstood appeal and is now final.

In sum, the arguments advanced by Debtor are unavailing. There are no genuine issues of material fact and it is clear as a matter of law that Debtor is guilty of defalcation. Accordingly, Debtor's obligation to the School District is nondischargeable under 11 U.S.C. § 523(a)(4).

Based upon the foregoing, the Motion for Summary Judgment filed by the Crooksville Exempted Village School District is hereby GRANTED.

IT IS SO ORDERED.